IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                          PLAINTIFF/RESPONDENT

v.                                     No. 2:02-CR-20013-002

ALBERTO JIMENEZ                                   DEFENDANT/PETITIONER

## OPINION AND ORDER

The Court has received a report and recommendation (Doc. 66) from Magistrate Judge Mark E. Ford.  The Court has conducted a careful review of the report and recommendation and of objections (Doc. 67) filed by Petitioner Alberto Jimenez.  After reviewing the record de novo, the Court adopts the findings and analysis of the Magistrate Judge with respect to whether this Court has subject matter jurisdiction to hear a petition for a writ of habeas corpus.  On May 23, 2005, Jimenez's sentence unconditionally and fully expired.  Because that sentence has expired, the Court does not have subject matter jurisdiction to grant Jimenez the relief he now seeks.  *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("The question presented by this case is whether a habeas petitioner remains 'in custody' under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.  We hold that he does not.").

To the extent Jimenez's filing can be considered a petition for a writ of coram nobis, the Court further adopts the findings and analysis of the Magistrate Judge.  The Supreme Court has explained that although the collateral consequences of a guilty plea, such as the risk of deportation, must be explained to a criminal defendant, the case establishing that requirement announced a new

1

rule and "a person whose conviction is already final may not benefit from the decision in a habeas or similar proceeding." *Chaidez v. United States*, 133 S.Ct. 1103, 1106–07 (2013) (affirming the denial of a petition for a writ of coram nobis).

Although the Court would adopt the entirety of the Magistrate Judge's well-reasoned report and recommendation, because there is no subject matter jurisdiction in this case, the Court need not reach the remaining issues.

IT IS THEREFORE ORDERED that the Magistrate Judge's report and recommendation (Doc. 66) is ADOPTED IN PART, as set forth above.

IT IS FURTHER ORDERED that Petitioner Albert Jimenez's motion to vacate (Doc. 64) is DENIED and his petition is DISMISSED WITH PREJUDICE.

Judgment will be entered accordingly.

IT IS SO ORDERED this 28th day of June, 2016.

/s/ P. K. Holmes, III

P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE