IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                              No. 2:02-CR-20013-002

ALBERTO JIMENEZ                                             DEFENDANT/PETITIONER

## ORDER

Petitioner Alberto Jimenez has filed a notice of appeal (Doc. 70) of the Court's judgment (Doc. 69) denying his motion to vacate under 28 U.S.C. § 2255 on the grounds that the Court lacks subject matter jurisdiction. Because a certificate of appealaibility is required under 28 U.S.C. § 2253(c) before a person may appeal a final order in proceedings under 28 U.S.C. § 2255, the Clerk has additionally docketed a text only motion for a certificate of appealability.

No certificate of appealability may issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. . . . When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court did not reach the merits of petitioner's claim because it has no subject matter jurisdiction over that claim. Therefore, the denial of the habeas petition was on procedural grounds. As set out in its opinion and order (Doc. 68, p. 1) adopting the report and recommendation in part, the Court's decision that it does not have subject matter jurisdiction rests on the jurisdictional requirement of 28 U.S.C. § 2255(a) that only a person

1

"in custody under a sentence of a court" may file a motion to vacate; the long-settled and clear statement of law that a person is not "in custody under a sentence of a court" after the sentence of conviction has fully expired; and the fact that Mr. Jimenez's sentence of conviction unconditionally and fully expired in May of 2005. The Court finds that no jurist of reason would find it debatable whether this procedural ruling is correct, and no certificate of appealability should issue.

IT IS THEREFORE ORDERED that the text only motion for a certificate of appealability filed on July 12, 2016 and entered on July 13, 2016 is DENIED.

IT IS SO ORDERED this 13th day of July, 2016.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE